No. 4971.

(Court of Appeal, Parish of Orleans.)

## FRANK T. PAYNE vs. LYONS CYPRESS LUMBER COMPANY.

B. B. Howard and H. M. Gautier for plaintiff and appellee.

W. C. McLeod for defendant and appellant.

DUFOUR, J.—Plaintiff's suit to recover the value of his services in preparing a map is met with the defense that he has not complied with his contractual obligation.

In January, 1906, Payne, a civil engineer and the defendant company, owner of a saw mill and timber lands, entered into a written contract by the terms of which Payne was to make a survey of defendant's property

and a map thereof, and to deliver to defendant field notes.

The work was to be completed within four months.

In consideration thereof the defendant was to pay $425, when the survey was finished, and $525 when the map and field notes were delivered to defendant.

The first sum has been paid and the second alone is in question, and, although the work was not finished within four months, it is admitted that, as the plaintiff was not put in default, the expiration of the time limit is without significance.

The defendant's claim is that plaintiff delivered an incomplete map, and the plaintiff's contention is that the retention of the map by defendant prevented him from complying with his obligation.

When, at the hurrying request of the company, Payne sent the map for correction and suggestion, it was stated by Mr. Lyons, a Chicago representative of the company, that, with certain specified exceptions, the map was exceptionally well made.

With the desire of rectifying the errors and supplying the omission complained of Payne and his counsel made demands for the return of the map, but without avail.

It is clearly shown that, owing to the unexplained failure or refusal of defendant to return the map, the plaintiff was unable to fulfill his obligations.

Defendant cannot avoid the burden of a contract when its own conduct prevented plaintiff from carrying out his part of the undertaking, and when the latter was ready and willing to discharge his obligation.

The judgment condemning defendant is correct.

Judgment affirmed.

April 4, 1910.

Rehearing refused April 18, 1910.